IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTURO CANTU, | ) | |
| Petitioner, | ) | Civil Action No. 13-293 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

CONTI, Chief District Judge.

Pending before the court is the petition for a writ of habeas corpus filed federal prisoner Arturo Cantu ("Cantu") pursuant to 28 U.S.C. § 2241. [ECF No. 4]. He challenges the legality of the sentence imposed upon him on July 25, 2005, by the United States District Court for the Western District of Michigan. Cantu alleges that he is "actually innocent" of a career offender status based on the holding in Begay v. United States, 553 U.S. 137 (2008), and requests reversal of the career offender enhancement and immediate release from prison.

This case was referred to a magistrate judge in accordance with 28 U.S.C. § 636(b) and Local Rule 72. The magistrate judge issued a Report and Recommendation [ECF No. 14], in which she recommended that the petition be dismissed for lack of subject-matter jurisdiction. The magistrate judge explained that Cantu's Begay claim is precisely the type that may be brought in a motion pursuant to 28 U.S.C. § 2255 and filed with the federal district court that tried and sentenced him. It is not the type of claim that this court, as his custodial court, has jurisdiction to consider in a habeas corpus action filed pursuant to 28 U.S.C. § 2241.

Cantu filed objections to the Report and Recommendation [ECF No. 16], respondent filed a response [ECF No. 19], and Cantu filed a reply [ECF No. 20]. Where, as here, objections were

filed, the court is required to make a *de novo* determination about those portions of the Report and Recommendation to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, the court carefully examined *de novo* all arguments raised by Cantu in his objections and reply and agrees with the magistrate judge that his § 2241 habeas petition must be dismissed for lack of jurisdiction. Cantu's objections are overruled and the court approves and adopts the Report and Recommendation as the opinion of the court, as supplemented by this memorandum opinion.

Section 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause" or "safety valve." Cantu did attempt to litigate his Begay claim in a motion he filed with his sentencing court in December 2012, but he could not do so because the Court of Appeals for the Sixth Circuit determined that he did not meet the criteria to receive authorization to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h) (setting forth the certification requirements for a federal prisoner to file a second or successive § 2255 motion). The limitation on the ability of a federal prisoner to file a second or successive § 2255 motion is one of several "gatekeeping provisions" enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005); see Brian R. Means, FEDERAL HABEAS MANUAL § 11, available on Westlaw FEDHABMAN.

---

[1] Congress enacted AEDPA in part to prevent piecemeal litigation and to reduce the abuse that results from delayed and repetitive filings of § 2255 motions and habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254. See, e.g., Woodford v. Garceau, 538 U.S. 202, 205 (2003). Its requirements regarding the filing of second or successive § 2255 motions and § 2254 habeas petitions are codified respectively at § 2255(h) and § 2244(b). Other gatekeeping provisions of AEDPA are the one-year statute of limitations (§ 2255(f) for federal

Cantu argued that his case fell within § 2255's savings clause, thereby allowing this court to exercise jurisdiction over his § 2241 habeas petition. The magistrate judge recommended that this court should reject Cantu's argument. The Court of Appeals for the Third Circuit has repeatedly held that the mere fact that a federal prisoner cannot file a second or successive § 2255 motion is not a ground to permit him to utilize § 2255's savings clause so that he can raise his claim in a § 2241 habeas petition. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Since the AEDPA amended § 2255 in 1996 to include the gatekeeping provisions, the only type of case that the Court of Appeals for the Third Circuit has recognized as qualifying under the statute's savings clause are those that fit into the narrow holding of the landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), which applies when, *inter alia*, the prisoner is challenging the legality of his *conviction* on the ground that subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. Importantly, in Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the Court of Appeals for the Third Circuit refused to extend § 2255's savings clause to a claim challenging the validity of a federal prisoner's sentence. It reached that conclusion by holding that a sentencing-only claim cannot satisfy the Dorsainvil criteria. Okereke, 307 F.3d at 120-21. In several recent nonprecedential decisions, the Court of Appeals for the Third Circuit applied its holding in Okereke to reject a federal prisoner's argument that a district court had jurisdiction under § 2241 to consider the merits of his Begay claim. See, e.g., Scott v. Shartle, 574 F.App'x 152, 155 (3d Cir. 2014) ("because [the prisoner] is

---

prisoners and § 2244(d) for state prisoners), and the certificate of appealability requirement, which is codified at 28 U.S.C. § 2253. FEDERAL HABEAS MANUAL § 9A, §§ 12:70-71

challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241. See Okereke, 307 F.3d at 120-21 (holding that Dorsainvil did not permit petitioner to challenge his sentence via § 2241 because his argument was based on intervening change in sentencing law and did not render the crime he was convicted of not criminal)."); McIntosh v. Shartle, 526 F.App'x 150 (3d Cir. 2013) (per curiam) (same); Johnson v. Scism, 464 F.App'x 87, 88 (3d Cir. 2012) (per curiam) (same); see also United States v. Kenney, 391 F.App'x 169, 172 (3d Cir. 2010) (citing Okereke for the proposition that "[s]ection 2241 is not available for intervening changes in the sentencing law").

In his objections, Cantu argued that the litigation of a § 2241 habeas case filed by federal prisoner Ian Andre Persuad supports his contention that this court has jurisdiction over his Begay claim. Persuad, who was sentenced in the District Court for the Western District of North Carolina to life imprisonment following his conviction on drug-related crimes sought to challenge his life sentence by way of a § 2241 habeas petition. The district court held that because Persaud was challenging his sentence, and not the legality of his conviction, he could not utilize § 2255's savings clause in order to litigate his claim in a § 2241 habeas petition. Persaud v. United States, No. 3:12-cv-509, 2012 WL 5902557 (W.D.N.C. Nov. 26, 2012). Following the Court of Appeals for the Fourth Circuit's decision to affirm, United States v. Persaud, 517 F.App'x 137 (4th Cir. 2013), Persaud filed a petition for a writ of certiorari with the Supreme Court. In the brief for the United States, the Solicitor General stated that the government agreed that a remand was warranted and took the position that the lower courts erred in determining that the savings clause of § 2255 permits utilization of § 2241 *only* when the prisoner is challenging the legality of his *conviction* based upon an intervening change in the

law. Brief for the United States at 10-23, Persaud v. United States, No. 13-6435 (Dec. 20, 2013), attached to Cantu's Reply at ECF No. 20-1. On January 27, 2014, the Supreme Court issued an order granting certiorari, vacating judgment, and remanding the case (a "GVR Order") to the Court of Appeals for the Fourth Circuit "for further consideration in light of the position asserted by the Solicitor General in his brief[.]" Persaud v. United States, 134 S.Ct. 1023 (2004).

This court must reject Cantu's contention that the Persaud litigation warrants a finding that this court has jurisdiction under § 2241 to consider his Begay claim. A GVR Order has no precedential value[2] and this court is bound to follow the law of the Third Circuit Court of Appeals. That law is set forth in Dorsainvil and Okereke. As noted above, Okereke has been applied by the court of appeals in a number cases, albeit non-precedential ones, to reject the argument that a petitioner can challenge his federal sentence under Begay in a § 2241 habeas proceeding. See McCleave v. Shartle, No. 15-1560, 2015 WL 1106514 (D.N.J. Mar. 11, 2015) (rejecting the petitioner's reliance upon Persuad to support his claim that he could challenge his sentence in a § 2241 habeas petition); Rodriguez v. Thomas, No. 1:14-cv-1121, 2015 WL 179057 (M.D. Pa. Jan. 14, 2015) (same).

---

2 The Court of Appeals for the Fifth Circuit observed:

> A GVR makes no decision as to the merits of a case. Kenemore v. Roy, 690 F.3d 639, 642 (5th Cir. 2012). See also Tyler v. Cain, 533 U.S. 656, 666 n.6, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). "When the Supreme Court utilizes its GVR power ... it is not making a decision that has any determinative impact on future lower-court proceedings." Kenemore, 690 F.3d at 641. Rather, "[a] GVR is a Supreme Court practice whereby the Court allows a circuit court to reconsider its opinion, often after a change in the law or factual circumstances occurs that might lead to a different result[.]" Id. When the Supreme Court grants a GVR, the lower court to which the case is remanded "is free to determine whether its original decision is still correct in light of the changed circumstances or whether a different result is more appropriate." Id. at 642.
>
> Given that a GVR makes no determinative impact on an underlying case, it stands to reason that a GVR similarly has no impact on the merits of a wholly separate and independent case. Indeed, a finding to the contrary would seem utterly illogical.

Diaz v. Stephens, 731 F.3d 370, 378-79 (5th Cir. 2013).

Also without merit is Cantu's contention that this court's decision not to exercise jurisdiction in this case violates the Suspension Clause, U.S. Cont., Art. I, § 9, cl. 2, because it prevents him from exercising the privilege to the writ of habeas corpus. In Felker v. Turpin, 518 U.S. 651, 664 (1996), a habeas case brought by a state prisoner under § 2254, the Supreme Court held that "[t]he added restrictions which [AEDPA] places on second habeas petitions … do not amount to a 'suspension' of the writ contrary to Article I, § 9." The Court of Appeals for the Third Circuit has applied the holding in Felker to reject the argument that the Suspension Clause is violated when a gatekeeping provision of AEDPA effects a federal prisoner's ability to litigate a claim. United States v. Brooks, 245 F.3d 291, 292-93 (3d Cir. 2001) (AEDPA's certificate of appealability provision does not constitute a suspension of the writ); Raposo v. United States, 574 F.App'x 70, 72 (3d Cir. 2014) (per curiam) (federal prisoner's inability to file a second or successive § 2255 motion or utilize § 2241 to raise his claim did not amount to a suspension of the writ); Brown v. Holt, 142 F.App'x 646, 647 (3d Cir. 2005) (per curiam) (same); see United States v. Miller, 197 F.3d 644, 651 (3d Cir. 1999) (citing Felker and stating: "AEDPA was intended to codify the judicial doctrine of abuse of writ. This codified abuse of writ rule does not suspend the writ of habeas corpus.").[3]

Cantu also argued in his objections that he may utilize § 2241 to litigate his Begay claim because his sentencing court did not conduct a hearing on his § 2255 motion. This argument has

---

[3] Cantu's reliance on United States v. Hayman, 342 U.S. 205 (1952), is misplaced. In that decision, the Supreme Court reversed the Court of Appeals for the Ninth Circuit's decision that § 2255 violated the Suspension Clause. While doing that, the Court found that the district court had erred in conducting an evidentiary hearing without the movant being present. Hayman, 342 U.S. at 219-24. The result was a remand for another evidentiary hearing with directions that the movant be transported to the district in which he was sentenced so that he could be present at the hearing. Id. at 223-24. Hayman was issued several decades before AEDPA was enacted and, therefore, it is not relevant to a Suspension Clause issue involving AEDPA's limitation on the filing of second or successive § 2255 motions.

no merit because that is not a factor that a court considers in determining whether a federal prisoner's claim is the extraordinarily rare one that falls within § 2255's savings clause. Whether a prisoner is entitled to a hearing in a proceeding under § 2255 depends upon the particular issues in that case and there is no requirement that a hearing be held on every § 2255 motion.[4] See Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In conclusion, after *de novo* review of the Report and Recommendation and the other documents filed in this case, the court adopts the Report and Recommendation as the opinion of the court, as supplemented herein, and dismisses Cantu's § 2241 habeas petition for lack of jurisdiction.

An appropriate order follows.

Date: May 12, 2015

BY THE COURT,

*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Court Judge

---

4 Because the Court of Appeals for the Sixth Circuit did not give Cantu authorization to file a § 2255 motion so that he could litigate his Begay claim before his sentencing court, Cantu's sentencing court lacked jurisdiction over his § 2255 motion and could not conduct a hearing.